14-1247
*Sterling v. Mercantile Adjustment Bureau, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of July, two thousand sixteen.

PRESENT: CHESTER J. STRAUB,
RICHARD C. WESLEY,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

———————————————

PAUL STERLING,

*Plaintiff-Appellee,*

-v.-                                        14-1247

MERCANTILE ADJUSTMENT BUREAU, LLC,

*Defendant-Appellant.*

———————————————

FOR APPELLANT:     JAMES K. SCHULTZ, Sessions, Fishman, Nathan & Israel LLC, San Diego, CA (Bryan C. Shartle, Sessions, Fishman, Nathan & Israel LLC, Metairie, LA; Michael Del Valle, Sessions, Fishman, Nathan & Israel LLC, Amherst, NY, *on the brief*).

FOR APPELLEE:     KENNETH R. HILLER, Law Offices of Kenneth Hiller, PLLC, Amherst, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

In this consumer-protection case arising from the unwanted receipt of autodialed debt-collection calls to a cell phone, Defendant-Appellant Mercantile Adjustment Bureau, LLC ("MAB"), a debt collector, appeals from the judgment of the District Court granting summary judgment to Plaintiff-Appellee Paul Sterling on his claim brought under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227(b)(1)(A), for seventeen telephone calls placed to his cell phone number using an automatic telephone dialing system. The District Court adopted, in its entirety, the proposed findings of the Report and Recommendation issued by the Magistrate Judge (McCarthy, *M.J.*) and found

that MAB was liable to Sterling under the TCPA. The parties stipulated as to damages before the District Court while reserving MAB's right to appeal the issue of liability to this Court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Following the filing of MAB's notice of appeal to this Court, the Federal Communications Commission ("FCC") issued a declaratory ruling in response to petitions filed by interested parties, clarifying the meaning of the phrase "called party" and whether consumers may revoke previously given consent under the TCPA's robocall provision. *See In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling & Order No. 15-72, 30 FCC Rcd. 7961, 7993–8006 (F.C.C. July 10, 2015) ("*2015 Declaratory Ruling*"). The FCC held "that the 'called party' is the subscriber, *i.e.*, the consumer assigned the telephone number dialed and billed for the call, or the non-subscriber customary user of a telephone number included in a family or business calling plan." *Id.* at 8000–01. In connection with this holding, it found that "calls to reassigned wireless numbers violate the TCPA when a previous subscriber, not the current subscriber or customary user, provided the prior express consent on which the call is based." *Id.* at 8001. The FCC, however, carved out a narrow

limitation to this rule to "balanc[e] the caller's interest in having an opportunity to learn of reassignment against the privacy interests of consumers to whom the number is reassigned," *id.* at 8007:

> [C]allers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber. If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such.

*Id.* at 8000 (footnotes omitted).

Although MAB disagrees with the FCC's interpretation of the statute, MAB is barred from challenging the FCC's ruling before this Court. *See* 28 U.S.C. § 2342(1); 47 U.S.C. § 402(a); 47 U.S.C. § 405(a). In accordance with the FCC's construction of the statute, then, we conclude that the District Court correctly determined the issue of liability.

In addition, although the FCC endorsed a one-free-bite rule providing for a one-call exception to a party, such as MAB, that reasonably relied on previously obtained valid consent when it initiated its first phone call to the new subscriber, the parties stipulated as to damages before the District Court, and MAB does not ask that this stipulation be reformed in any matter in light of the

4

*2015 Declaratory Ruling*.  Thus, we find no reason to disturb the judgment of the

District Court.

We have considered the parties' remaining arguments and find them to be

without merit.  Accordingly, we **AFFIRM** the judgment of the District Court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk